# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INVESCO INVESTMENT SERVICES, INC., | : | 1:21-cv-274 |
|     Interpleader Plaintiff | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| TERRENCE A. JAMES and PAULETTE MERRELL, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| TERRENCE A. JAMES, | : | 1:21-cv-274 |
|     Counter-Plaintiff | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| INVESCO INVESTMENT SERVICES, INC., | : | |
|     Counter-Defendant | : | |

## MEMORANDUM AND ORDER

### July 8, 2021

Presently pending before the Court is the Motion to Dismiss Terrence A. James's Counterclaims, ("the Motion"), filed by Counter-Defendant Invesco Investment Services, Inc. ("Invesco"). (Doc. 18). The instant claims arose after Invesco filed an interpleader action asking this Court to determine the rightful beneficiary of a 403(b) retirement savings account owned by the late Rose H.

1

Merrell-James ("the Decedent"). (Doc. 1 at ¶¶ 1; 32). Now, Counter-Plaintiff Terrence A. James alleges breach of contract (Count I) and negligence (Count II) against Counter-Defendant Invesco. (Doc. 8 at ¶¶ 17-27). He also seeks a declaratory judgment that he is the rightful beneficiary of one-half of the subject account at issue here (Count III). (*Id.* at ¶ 28-29).

## I. FACTUAL BACKGROUND

We take the following allegations from Counter-Plaintiff's Counterclaim and assume their veracity for the purposes of the Motion, as we must.

Dr. Rose Merrell-James owned a 403(b) retirement savings account ("the Account") at the time of her death in 2020. (Doc. 8 at ¶ 8).[1] Counter-Defendant alleges that this account was held with Counter-Defendant Invesco, and that when Decedent first opened the Account, she listed her beneficiaries as her daughter, Nicole D. Richards and her sister, Paulette Merrell in equal 50% parts. (*Id.* at ¶¶8-9).

On or about July 6, 2012, Counter-Plaintiff James avers that Decedent "provided her agent, Lincoln Investment Planning, LLC ("Lincoln") with a change of beneficiary form for the Account, which modified the beneficiaries as follows: 50% to [Nicole D.] Richard[s] and 50% to Counter-Plaintiff James." (*Id.* at ¶ 10).

---

[1] Unless otherwise noted, any citations to Document 8 refer to Counter-Plaintiff's counterclaim allegations contained at pages 7-12 of that document.

Both Michael Schroeder and Scott J. Strumm came to Decedent's home to execute said form. (*Id.* at ¶ 11). Mr. Schroeder served as a witness, as indicated on the form. (*Id.*). Next, Counter-Plaintiff James claims, "Lincoln provided this document to Counter-Defendant Invesco on or about the time that it was executed." (*Id.* at ¶ 12). Thereafter, "Counter-Defendant Invesco changed ownership and apparently lost or misplaced the document, but has received the change of beneficiary form which Lincoln still had in its records and provided to Counter-Defendant Invesco after Dr. Merrell-James [*sic*] death." (*Id.* at ¶ 13). Despite being provided with this updated beneficiary form, Counter-Plaintiff now argues, Counter-Defendant Invesco has refused to tender half of the Account's proceeds to Counter-Plaintiff James. (*Id.* at ¶ 14).

## II. PROCEDURAL HISTORY

Counter-Defendant Invesco filed their initial Interpleader Complaint on February 12, 2021. (Doc.1). Therein, it sought, as a "disinterested stakeholder [. . .] an order that upon the posting of a bond payable to the Clerk of the Court in a nominal amount, conditioned upon compliance with any future judgement of the Court resolving the Defendants' claims to the Account, [to be] discharged with prejudice from any and all liability in connection with the Account, as well as other related relief." (*Id.* at ¶ 4). On March 12, 2021, Counter-Plaintiff James filed an Answer, in which he included three counterclaims against Counter-Defendant

Invesco: breach of contract (Count I), negligence (Count II) and a declaratory judgment that he is the rightful beneficiary of one-half of the subject account at issue here (Count III). (*Id.* at ¶ 17-29). On May 3, 2021, Counter-Defendant Invesco filed a motion to dismiss those counterclaims. (Doc. 18). It filed a brief in support simultaneously. (Doc. 19). Counter-Plaintiff James filed a brief in opposition on May 17, 2021. (Doc. 20). Invesco replied on June 1, 2021. (Doc. 21). The matter is thus ripe for review.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level…." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*,

5

550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the … complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

III. DISCUSSION

Invesco asks us to dismiss Counter-Plaintiff James's for two independent reasons. First, Invesco argues that Counter-Plaintiff James's allegations "are premised on a highly implausible allegation of fact and therefore fail to state a claim." (Doc. 19 at 6). Second, it argues that James "improperly seek[s] to hold Invesco liable for bringing this action rather than choosing between the competing claimants, notwithstanding clear case law from this District and the Third Circuit holding than an interpleader plaintiff may not be held liable on that basis." (*Id.*).

Because we find that Counter-Plaintiff James has failed to plead plausible facts to support his claims, we need not consider Invesco's second argument.

In support of its first argument, Invesco points to Counter-Plaintiff James's allegation that Lincoln "Lincoln provided [the change of beneficiary form] to Counter-Defendant Invesco on or about the time that it was executed." (Doc. 8 at at ¶ 12). This allegation, Invesco argues, is "highly implausible" because both the public record and Counter-Plaintiff's proffered change of beneficiary form indicate that Decedent maintained the Account with OppenheimerFunds Distributor, Inc., *not* Invesco when she executed the change of beneficiary form in 2012. (Doc. 19 at 15). Indeed, SEC filings show that "Invesco (as well as its ultimate parent company, Invesco Ltd.) had no affiliation with Oppenheimer prior to May 2019, when Invesco Ltd. indirectly acquired Oppenheimer." (*Id*. at 16).[2] Notably, Invesco argues, "James does not allege that, as of 2012, Invesco had *any* affiliation with Oppenheimer" and thus concludes that Counter-Plaintiff's claims should fail as a matter of law.

At the outset, we note that Counter-Plaintiff James does not *necessarily* have to allege a connection between Invesco and Oppenheimer at the time Decedent

---

[2] *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint [and] matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case").

7

executed the change of beneficiary form. As Counter-Plaintiff notes in his brief, successor liability may well be at play here. (Doc. 20 at 6-7). But we see no allegations whatsoever in Counter-Plaintiff's counterclaims which indicate that successor liability has been alleged—Opphenheimer is not once mentioned in Counter-Plaintiff's allegations.

Mr. James is correct that we must accept his allegations as true at this stage, and we would give him "the right to explore whether [successor liability applies] to the case at hand" *had he alleged its existence in the first place*. As Mr. James's counterclaims currently stand, however, he has alleged that Lincoln gave Invesco a copy of the beneficiary form in 2012—seven years before Invesco had any involvement with the Account. He has not sufficiently alleged a connection between Oppenheimer and Invesco such that we could allow him to explore the applicability of successor liability—indeed, in his opposition brief Mr. James calls Oppenheimer Invesco's "predecessor in interest" for the first time. We cannot draw inferences in Counter-Plaintiff's favor that have no basis in his counterclaims, and we will consequently grant the Motion. However, we do so without prejudice. While we recognize the merit of Invesco's arguments to the contrary, (Doc. 21 at 13-14), we find that justice so requires leave to amend. We are not convinced at the early stage, and with the scant allegations before us, that

amendment would be futile. Consequently, we will not eviscerate potentially viable claims at this time.

## IV. CONCLUSION

Counter-Plaintiff James faces an uphill battle on his counterclaims. Should he choose to amend, he will be required to plausibly state facts from which we could find successor liability attaches to Invesco, or he will be required to show some other avenue for liability. We remind Plaintiff that we cannot invent facts on his behalf or infer allegations that are not properly included in his counterclaims and would urge more specific allegations in the future.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Counter-Defendant Invesco Investment Services, Inc.'s Motion to Dismiss, (Doc. 18), is **GRANTED WITHOUT PREJUDICE**.
2. Counter-Plaintiff James **MAY FILE** amended counterclaims by or before July 23, 2021.

s/ John E. Jones III

John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania